NOT FOR PUBLICATION (Doc. No. 7)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| Richard PAYNE, JR., | : |
| Plaintiff, | : Civil No. 16-1718 (RBK/KMW) |
| v. | : **Opinion** |
| Sanford J. BECKER, et al., | : |
| Defendant(s). | : |

**KUGLER**, United States District Judge:

This matter comes before the Court on the Complaint of Plaintiff Richard Payne, Jr. ("Plaintiff"), *pro se*, against Sanford J. Becker and Freedom Mortgage Corporation ("Defendants"). Currently before the Court is Defendants' Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. No. 7). For the reasons expressed below, Defendants' Motion to Dismiss is **GRANTED**.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This matter appears to arise from foreclosure proceedings initiated against Plaintiff. *See* Compl. at 2. Plaintiff asserts that Defendants interfered with the enjoyment of his property, failed to "look out for [Plaintiff's] good will," failed to provide "[f]ull [d]isclosure," and changed, sold, and modified documents without his knowledge. *Id.* Plaintiff filed the Complaint on March 23, 2016 (Doc. No. 1), and Defendants brought the present Motion to Dismiss on September 15, 2016 (Doc. No. 7).

## II. LEGAL STANDARD

The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). A district court has subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332; "federal question" jurisdiction under 28 U.S.C. § 1331; or jurisdiction supplemental to the original claim under 28 U.S.C. § 1367.

When evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). A complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is not for courts to decide at this point whether the non-moving party will succeed on the merits, but "whether they should be afforded an opportunity to offer evidence in support of their claims." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002). While "detailed factual allegations" are not necessary, a "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

### III. DISCUSSION

Plaintiff claims that this Court has subject matter jurisdiction based on the presence of a federal question. The Complaint, however, does not plead any claims under the federal Constitution, statutes, or treaties, so Plaintiff fails to demonstrate jurisdiction is properly had by this Court. It is also entirely unclear what claims Plaintiff is bringing. While the Complaint appears to arise from the foreclosure proceedings initiated by Defendants, it makes a sundry of nebulous allegations ranging from the interference of property, to breach of fiduciary and contractual duties, to failure to provide full disclosure, none of which are tied to any legal causes of action. These assertions fail to meet Federal Rule of Civil Procedure 8(a) much less Rule 12(b)(6), even under a liberal construction. When dismissing a claim, district courts should freely grant leave to amend "unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). The Court here will grant Plaintiff another opportunity to articulate a plausible claim for relief, and it hereby dismisses the Complaint without prejudice.

### IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED**.

Dated: 3/15/2017                                   s/ Robert B. Kugler

                                                                                                   ROBERT B. KUGLER

                                                                                                   United State District Judge